BRIGHTON v. WILSON.

(*Circuit Court, D. Rhode Island.* October 20, 1883.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT.

A comparison of the defendant's device with that made by the plaintiff under his letters patent No. 216,256, dated June 10, 1879, for an improvement in box-loops for harnesses, shows a substantial identity of construction; the change of construction in the article made by defendant being immaterial. The evidence discloses that the article made by the defendant differs essentially from that described in his patent No. 260,074, dated June 27, 1882, for an improvement in box-loop and blind for harnesses. Injunction granted.

2. SAME—IMMATERIAL CHANGES.

It is well settled that immaterial changes, or the substitution of mechanical equivalents, will not relieve a party from the charge of infringement.

In Equity.

*Warren R. Perce,* for complainant.

*Oscar Lapham,* for defendant.

COLT, J. This motion for a preliminary injunction is founded upon an alleged infringement of letters patent No. 216,256, dated June 10, 1879, for an improvement in box-loops for harnesses. Difficulty has always been experienced in obtaining a box-loop in connection with a secure fastening of the blinder to the bridle. Stitching is here difficult and unsatisfactory. In this device there is a metallic frame or tube, covered with leather, which holds securely the cheek strap of the bridle, with a shank and flanges extending out upon one side. The box-loop having a narrow opening upon one side is slid over the flanges of this metallic frame. The blinder iron having two or more ears, each with a narrow slot upon the upper side, is inserted into openings made at or near the line where the metallic frame is bent up to form the shank and flanges. By means of a suitable pressure the flanges are bent down, and fasten the whole together. A key-shaped wedge of leather fills up the portion of the opening in the metallic frame left unoccupied when the blinder has been pushed up into place, as well as the narrow space between the box-loop and the frame below the blinder.

The first claim in the patent is for the frame with its shank and flanges, in combination with the box-loop and strap. The defendant seeks to avoid an infringement by cutting away portions of the flanges of the metallic frame, leaving several projecting clinching pieces or ears. He substitutes for the cut-away portions of the flanges a metal plate with clasps inside the box-loop. In this plate are slots which receive the ears of the metallic frame after they have passed through openings in the blinder iron. A comparison of the defendant's device with that made by the plaintiff, shows, we think, a substantial identity of construction. Both consist of a box-loop, combined with a metallic frame or tube. In the plaintiff's device the flanges of the metallic frame serve to hold together the frame and the box-loop, and

to keep the box-loop from opening. In the defendant's device the part of the flanges not cut away also hold together the frame and the box-loop, while the clasps of the metal plate inside the box-loop prevents it from opening; but this plate serves substantially the same purpose as the flanges would, had they remained entire, and it may fairly be said to be an equivalent for them. As a result of cutting away part of the flanges, leaving clinching pieces or ears, the blinders are held in a somewhat different manner in the article made by the defendant; but we do not regard this as a material change of construction. The point is also urged by the defendant that the cheek strap mentioned in the first claim of the patent does not appear in plaintiff's exhibits of the article made by the defendant; such strap, however, is seen in the drawing in the printed price-list of the defendant, and in his newspaper advertisement, and its use is indispensable. It is clear, we think, that the defendant infringes the first claim of the patent. It is well settled that immaterial changes, or the substitution of mechanical equivalents, will not relieve a party from the charge of infringement.

It is undoubtedly true that a metallic tube or frame, with a neck and flanges for fastening purposes, has been used for a considerable time upon harnesses, as well as upon articles of tin-ware, but this invention is for a combination of a metallic frame with a box-loop which is quite different. The use of two plates of metal which hold together the cheek strap, blinder iron, and loop, by means of screws, we find in the patent of Cahoone & Teas, dated February 4, 1879, No. 211,886; stitching, however, is not dispensed with, and it is manifest that the device is quite different from the metallic frame and flanges of the plaintiff's invention. The defendant has a patent, No. 260,074, dated June 27, 1882, for an improvement in box-loop and blind for harnesses, but the evidence discloses that the article he makes differs essentially from that described in his patent.

Upon the whole, we are of opinion that an injunction should be granted, and it is so ordered.